UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X    For Online Publication Only
CECILIA SANOSSIAN,

                    Plaintiff,

      -against-    **ORDER**
                                           16-CV-4697 (JMA) (AKT)

JOHN BRENNAN, ALPHONSO DADDINO, in
their individual and official capacities, and
VALLEY STREAM CENTRAL HIGH SCHOOL
DISTRICT,

                    Defendants.
----------------------------------------------------------------------------X

**AZRACK, United States District Judge:**

Before me are objections submitted by plaintiff Cecilia Sanossian, defendant Valley Stream Central High School District (the "District") and defendants John Brennan and Alphonso Daddino, (together, the "the Individual Defendants"), to Magistrate Judge Tomlinson's February 20, 2018 Report and Recommendation ("R&R"). The R&R recommends that the Court: (1) grant the Individual Defendants' motion to dismiss the Complaint in its entirety; (2) grant the District's motion to dismiss plaintiff's Title VII/Section 1983 equal protection hostile work environment claims; (3) grant the District's motion to dismiss the Monell claim; (4) grant the District's motion to dismiss the retaliation claims based on the counseling letter and the District's selection of another candidate as the Director of Instructional Support; and (5) deny the District's motion to dismiss the retaliation claim alleging the imposition of an "unprecedented and unduly burdensome" teaching schedule for the 2016-2017 school year. Having conducted a review of the full record and the applicable law, I adopt the R&R in its entirety as the opinion of the Court.

In reviewing a magistrate judge's report and recommendation, the court must "make a de novo determination of those portions of the report or . . . recommendations to which

1

objection[s][are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

I have undertaken a *de novo* review of the record, the R&R, and the instant objections and responses to those objections and I agree with Judge Tomlinson's well-reasoned R&R. I also note the following, which further supports my adoption of the R&R.

With respect to plaintiff's hostile work environment claim, the arguments raised in her objection were not squarely raised, or at best, were merely raised in passing in plaintiff's opposition to the motions to dismiss. Plaintiff's objection appears to be pursuing a new theory to support her claim—that the allegedly false sexual harassment allegations against her were part of a deliberate effort to "paint plaintiff as a sexual predator," which plaintiff claims constituted sex stereotyping. (Pl.'s Objection at 3, 5, ECF No. 42.) Plaintiff never advanced this theory in her briefing on the motions to dismiss, nor did she discuss the content of the allegations made against her or why the allegedly false claims were made because of her gender. A district court may "refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the [m]agistrate [j]udge in the first instance." Kennedy v. Adamo, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (quoting Haynes v. Quality Markets, No. 02-CV-250, 2003 WL 23610575, at *1 (E.D.N.Y. Sept. 22, 2003)), aff'd, 323 F. App'x 34 (2d Cir. 2009). On that basis, the Court rejects all of the arguments and accompanying authority that plaintiff has raised for the first time in her objection.

In any event, I do not find persuasive plaintiff's new argument that the complaint plausibly alleges that the purportedly false charges of sexual harassment against plaintiff "were particularly damaging precisely *because* Plaintiff is a *female*" and that the content of those charges indicates that those charges were made because of plaintiff's gender.[1]  (Pl.'s Objection at 3-4.)  Accordingly, I agree with Judge Tomlinson that plaintiff failed to state a plausible claim for hostile work environment.

Plaintiff also objects to the R&R's conclusion that plaintiff failed to state a claim that the District's issuance of the counseling letter and its decision not to hire plaintiff for the Director of Instructional Support position were done in retaliation for her filing the EEOC charge.  Plaintiff claims that Judge Tomlinson improperly engaged in fact-finding and concluded that the defendants' arguments concerning the alleged retaliation were more plausible than plaintiff's.  Plaintiff misconstrues and mischaracterizes Judge Tomlinson's analysis.  Moreover, Judge Tomlinson's analysis amply supports her conclusion that plaintiff has not alleged plausible retaliation claims concerning the counseling letter and the denial of her promotion.

With respect to the counseling letter, I also note that in plaintiff's briefing on the motion to dismiss, plaintiff did not even argue that the counseling letter constituted an adverse action and a discrete retaliation claim.  Instead, she claimed only that her teaching schedule and the decision not to hire her as the Director of Instructional Support constituted actionable retaliation.  (See Pl.'s Opp. at 11–12, ECF No. 29.)  That alone is reason to overrule her objection concerning the counseling letter.

With respect to her retaliatory failure to promote claim, plaintiff's objection asserts that the failure to promote her was the "next logical step" after assigning plaintiff her overly

---

[1] I also note that the cases plaintiff cites in support of this proposition are readily distinguishable from the facts in this case.

3

burdensome teaching schedule and the fact that plaintiff was assigned such a schedule "strengthens the inference that the subsequent failure to promote was a deliberate action of retaliation intended to 'trap' Plaintiff in her position." (Pl.'s Objection at 14.) However, plaintiff alleges no factual basis whatsoever for reaching such a conclusion.[2] Additionally, plaintiff's allegation that another candidate—whose qualifications appear superior to plaintiff's—was also denied the position, underscores the implausibility of plaintiff's claim that denying her a promotion was retaliation for her protected activity.

Finally, plaintiff's argument that her complaint alleges a claim for discriminatory failure to promote is meritless. Plaintiff concedes that the allegations she cites to support such a claim were included in the section of the Complaint addressing her retaliation claims and therefore it was not "very clear[]" that plaintiff pled such a claim. (Pl.'s Objections at 15.) Moreover, contrary to plaintiff's assertion, the District moved to dismiss the Complaint "in its entirety," (see District MTD at 21), and plaintiff made no arguments in support of a discriminatory failure to promote claim in opposing the motion to dismiss.

Accordingly, I adopt the R&R in its entirety as the opinion of the Court and order that: (1) the Individual Defendants' motion to dismiss the Complaint in its entirety is GRANTED; (2) the District's motion to dismiss the Title VII/Section 1983 equal protection hostile work environment claim is GRANTED; (3) the District's motion to dismiss the Monell claim is GRANTED; (4) the District's motion to dismiss those portions of the retaliation claims based on the counseling letter and the District's selection of another candidate as the Director of Instructional Support is GRANTED; and (5) the District's motion to dismiss the portion of the

---

[2] I also note that nothing in the complaint suggests that the same decision-makers were involved in each of these actions. Plaintiff's schedule would appear to be a matter determined at the school administration level whereas the decision not to hire her for the Director of Instructional Support would appear to be made at the district level. (See Compl. ¶ 60 (characterizing the position as "a district level administrative position.")).

retaliation claim alleging the imposition of an "unprecedented and unduly burdensome" teaching schedule for the 2016-2017 school year is DENIED.

**SO ORDERED.**

Dated: March 31, 2018
      Central Islip, New York

                                              /s/ (JMA)
                                      JOAN M. AZRACK
                              UNITED STATES DISTRICT JUDGE