**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
CECILIA SANOSSIAN.,

                    Plaintiff,

      -against-

VALLEY STREAM CENTRAL HIGH
SCHOOL DISTRICT,

                Defendants.
------------------------------------------------------------X

                          **MEMORANDUM**
                          **AND ORDER**

                  CV 16-4697 (JMA) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

I.     **PRELIMINARY STATEMENT**

        Plaintiff Cecilia Sanossian ("Plaintiff") originally commenced this employment discrimination action against Defendant Valley Stream Central High School District (the "District" or "Defendant"), and then-Defendants John Brennan and Alphonso Daddino (collectively, the "Individual Teachers"), in their individual capacities, alleging hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL") and sex-based discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment, 42 U.S.C. § 1983 ("Section 1983"). *See generally* Complaint ("Compl.") [DE 1].

        On March 10, 2017, the two Individual Teachers and the District filed motions to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [DE 26; DE 31], which Plaintiff opposed [DE 29]. On March 31, 2018, Judge Azrack granted the Individual Teachers' motion in its entirety, dismissing all claims against them. *See* March 31, 2018 Order Adopting Report and Recommendation [DE 46]. The Court granted, in part, and denied, in part,

the District's motion to dismiss.  *See id* at 4-5.  Plaintiff's hostile work environment claim and

sex-based discrimination claim against the District were dismissed in their entirety.  Plaintiff's

retaliation claim based on the District's issuance of a counseling letter to Plaintiff and the

District's failure to hire Plaintiff for an administrative position was also dismissed.  *See id*.

Plaintiff's retaliation claims based on the teaching schedule assigned to Plaintiff for the 2016-

2017 school year was permitted to proceed.  *See id*.

Subsequently, Plaintiff filed the instant motion seeking leave to file an amended

complaint, pursuant to Rule 15(a) and 16(b), based on Plaintiff's assertion of newly discovered

evidence.  *See generally* Plaintiff's Memorandum of Law in Support of Motion to Amend

Complaint ("Pl.'s Mem.") [DE 68-1].  Specifically, Plaintiff seeks to reinstate her retaliation

claim based on the counseling letter issued by the District to Plaintiff.  *See id*. at 4-5.  The

District opposes the motion arguing chiefly that Plaintiff's proposed amendments are futile and

that Plaintiff knew or should have known of the evidence forming the basis of her proposed

amendments prior to the deadline to amend, and, consequently, lacks "good cause" for such an

amendment.  *See generally* Defendant's Memorandum in Opposition to Plaintiff's Motion to

Amend ("Def.'s Opp'n") [DE 70].

For the reasons which follow, Plaintiff's motion seeking leave to file an amended

complaint is GRANTED.  Plaintiff is directed to file her Amended Complaint within ten (10)

days of entry of this Order.

## II.   BACKGROUND

### A.   The Proposed Amended Complaint

The Court assumes familiarity with the underlying facts of this case which are set forth in

detail in the Court's February 20, 2018 Report and Recommendation.  *See* Report and

Recommendation (the "R&R") [DE 38].  Therefore, the Court will recite only the facts necessary

to determine the instant motion.  The following facts are taken from Plaintiff's proposed

Amended Complaint (the "PAC") and are assumed to be true for purposes of deciding the instant

motion and are construed in a light most favorable to the Plaintiff as the moving party.  *See, e.g.*,

*LaFaro v. N.Y. Cardiothoracic Grp.*, 570 F.3d 471, 475 (2d Cir. 2009); *Matthews v. City of N.Y.*,

889 F. Supp. 2d 418, 425 (E.D.N.Y. 2012); *Alkhatib v. New York Motor Group, LLC*, No. 13-

CV-2337, 2015 WL 3507340, at *7 (E.D.N.Y. June 3, 2015) (quoting *Mendez v. U.S.*

*Nonwovens Corp.*, 2 F. Supp. 3d 442, 451 (E.D.N.Y. 2014)) (noting that the court "is required to

accept the material facts alleged in the amended [pleading] as true and draw reasonable

inferences in the [movant's] favor").

　　　Having reviewed the Complaint and the PAC, the Court notes that both are similar in

scope.[1]  *Compare generally* Compl. [DE 1] *with* PAC [DE 68-7].  The operative facts underlying

both the Complaint and PAC are as follows.  Plaintiff is a teacher at Valley Stream North High

School.  *See* Compl. ¶¶ 20, 62.  On or around April of 2014, the Individual Teachers purportedly

began engaging in "a long line of hostile and abusive actions" toward Plaintiff.  *Id.* ¶¶ 2-4, 25-26,

22-23, 30-31.  Due to the increasing hostility and harassment in the workplace, Plaintiff's

psychological state rapidly deteriorated.  *Id.* ¶ 5.  On April 20, 2015, Plaintiff took a leave of

absence and began receiving treatment from a mental health provider.  *Id.* ¶¶ 28-29.

　　　On November 24, 2015, Plaintiff commenced a defamation action against the Individual

Defendants in the New York State Supreme Court, County of Nassau, Index No. 607625/2015.

*See Id.* ¶ 7 n. 2; DE 38 at 5.  On May 1, 2015, a complaint initiated by the Individual Teachers

---

[1]　　The Court points out that Plaintiff's PAC fails to incorporate the provisions of
Judge Azrack's Order Adopting Report and Recommendation [DE 46] concerning Defendants'
motions to dismiss.  Specifically the PAC improperly includes causes of actions and parties
which have been dismissed.

was filed against Plaintiff with the District.  The complaint accused Plaintiff of engaging in acts of sexual harassment against her male co-workers.  *Id*. ¶ 30.  The District conducted an investigation into these allegations.  *Id*. ¶¶ 33-34.  In early January 2016, the District concluded its investigation and determined that the allegations in the May 1, 2015 complaint "did not rise to the level of sexual harassment" or "were unsubstantiated."  *Id*.

On February 23, 2016, Plaintiff filed a charge against the District with the EEOC.[2]  *Id*. ¶¶ 8, 10.  After being medically cleared, Plaintiff returned to the classroom from her leave of absence on May 16, 2016.  *See id*. ¶¶ 36, 39.  The EEOC issued Plaintiff a right to sue letter ("Right to Sue Letter") in connection with her charge but determined that it would not be investigating the charge.  *See id*. ¶ 10, n. 3.  On June 7, 2016, Assistant Superintendent for Personnel Clifford Odell ("Assistant Superintendent Odell") and Plaintiff had a meeting to ostensibly discuss the EEOC charge.  *Id*. ¶¶ 50, 80.  Instead, Assistant Superintendent Odell presented Plaintiff "with an accusatory 'counseling letter' replete with stern warnings and detailing actions and other 'recurring' conduct that would result in disciplinary action and termination."  *Id*. ¶ 50.

The PAC does not attempt to raise any new claims but instead seeks to add several factual allegations to support a claim for retaliation based on the counseling letter.  *See generally* PAC.  Essentially, Plaintiff

> seeks leave to amend her Complaint . . . to include new facts discovered throughout the course of discovery.  Plaintiff seeks to include newly discovered evidence sufficient to reinstate a retaliation cause of action that was previously dismissed . . . .  Specifically, Plaintiff seeks to reinstate a retaliation claim based upon her receipt of a retaliatory counseling letter which, as Plaintiff

---

[2]      Exhibit A to Plaintiff's Complaint is the filed EEOC charge which lists alleged acts of harassment and discrimination.

has come to learn, was presented to her only after Defendant Valley Stream Central High School District ("District") became aware that Plaintiff's then pending charge with the Equal Employment Opportunity Commission ("EEOC") was dismissed and a right-to-sue letter issued.

Although Plaintiff previously alleged that the counseling letter constituted an adverse retaliatory action, the claim was dismissed on the ground that Plaintiff failed to allege facts from which to infer a causal nexus between the filing of her EEOC charge and the receipt of the counseling letter.  However, documents provided by the District during discovery, as well as the deposition testimonies of District Superintendent William Heidenreich ("Heidenreich") and Assistant Superintendent of Personnel Clifford Odell ("Odell") make clear that the counseling letter was anything but a coincidence.

Rather, the testimonial evidence and documents indicate not only that the District was keenly aware of Plaintiff's EEOC charge, but that its dismissal, in fact, triggered the issuance of the retaliatory counseling letter.  Not only was the counseling letter given to Plaintiff the very next day following the District's discovery that the EEOC charge was dismissed, it also happened to be the very **same day** that Plaintiff was called into a meeting with Odell to address the contents of the charge.  In other words, the District was emboldened to retaliate against the Plaintiff only when the prospect of an independent investigation by the EEOC was definitively foreclosed. Rather than addressing Plaintiff's concerns, as she was led to believe would be the case, the District instead threatened her with termination and placed the counseling letter into her personnel file.

Pl.'s Mem. at 1-2 (emphasis in original).

The PAC further alleges that "District policy required such letters to be presented to Plaintiff shortly following the conclusion of the District's investigation concerning" the allegations of sexual harassment lodged against Plaintiff by her male co-workers.  *Id.* ¶ 54.  This investigation concluded on or around January 2016.  *Id.* ¶¶ 34, 92.  Although "[t]he District, in fact, intended to present [Plaintiff] with the counseling letter as early as December 2015," *id.* ¶ 53, it "instead waited…until [Plaintiff] returned to the classroom to present her with the letter," *id.* ¶ 54.  Plaintiff alleges that she "was available at all times from May 16, 2016 through June 7,

5

2016 for a meeting" but "the District strategically delayed and withheld the counseling letter, evidently fearing that it could be cited as an example of retaliatory conduct – that is, until it learned on Jun 6, 2016 that Plaintiff's EEOC charge had been dismissed." *Id*. ¶ 57.  The purpose of this course of action was to "[present Plaintiff] with the counseling letter only when she could no longer raise the issue with the EEOC as an example of retaliatory conduct." *Id*. ¶ 59.  The PAC further alleges that "[t]his was a clear and deliberate response to the filing of the charge." *Id*. ¶ 58.

  **B.** <u>Newly Discovered Evidence</u>

  Plaintiff seeks leave to amend her Complaint to add new factual allegations in support of a retaliation claim based on the counseling letter.  *See generally* Pl.'s Mem.  The new factual allegations purportedly arise from the deposition testimony of Superintendent Heidenreich and Assistant Superintendent Odell, and certain documents exchanged during discovery.  *See id*. at 5-8; Declaration of Stanislav Sharovskiy in Support of Plaintiff's Motion to Amend ("Sharovski Decl.") [DE 68-2] ¶¶ 3-6.

  On November 16, 2018 and November 21, 2018, the depositions of Superintendent Heidenreich and Assistant Superintendent Odell were conducted.  *See* Pl.'s Mem. at 5-8; Sharovski Decl. [DE 68-2] ¶¶ 3-4.  Superintendent Heidenreich testified that the investigation into the sexual harassment allegations concluded on December 28, 2015.  *See* Deposition Transcript of William Heidenreich ("Heidenreich Dep."), attached as Ex. A to Sharovski Decl. [DE 68-3] at 124:11-21.  He also testified that he personally made the decision to present Plaintiff with the counseling letter as early as December 28, 2015.  *See* Heidenreich Dep. at 110:16-18.  As Superintendent Heidenreich understood it, District policy required that the counseling letter be presented shortly after the conclusion of the investigation into the

allegations.  *See* Dep. Tr. of Heidenreich 122:24-123:22.  Specifically, he testified that his

preference was to present the counseling letter to Plaintiff "sooner" because he believed he had

to do so "in close proximity to the conclusion of the investigation" into the allegations of sexual

harassment lodged against Plaintiff.  *Id.*

On September 7, 2018, Plaintiff received a document production from the District.  *See*

Def's. Opp'n at 7.  Included in the production was a letter dated July 5, 2016, from Assistant

Superintendent Odell, which revealed that the District first became aware of the EEOC charge on

May 13, 2016, rather than on February 23, 2016 when the charge was made by the Plaintiff.[3]

*See* Sharovski Decl., Ex. C [DE 68-5].  Superintendent Heidenreich was "personally copied" on

this internal correspondence.  *See id.*  On June 6, 2016, one day before the counseling letter was

issued to Plaintiff, Superintendent Heidenreich became aware, by way of an internal

memorandum from Assistant Superintendent Odell, that Plaintiff was issued a Right-to-Sue letter

from the EEOC without any investigation.  *See* Sharovski Decl., Ex. D [DE 68-6]; Heidenreich

Dep. at 113:17-25.

## III.   STANDARD OF REVIEW

Rule 15(a) of the Federal Rules of Civil Procedure provides that in cases where a party

cannot amend as a matter of course, "a party may amend its pleading only with the opposing

party's written consent or the court's leave."  *See* FED. R. CIV. P. 15(a); *DaCosta v. City of New*

---

[3]       It is unclear from the record before the Court exactly when this document was
produced to Plaintiff.  The very earliest the document could have been produced was August 31,
2018 based on the District's August 9, 2018 correspondence to the Court stating that it was "still
in the process of preparing their responses" and would not be able to serve those responses until
August 31, 2018.  *See* DE 64.  However, in its opposition to the instant motion, the District states
that it served Plaintiff with a production of documents on September 7, 2018.  *See* Def.'s Opp'n
at 3.  In light of the District's most recent representation, the Court concludes that the production
meant to be served on August 31, 2018 was instead served on September 7, 2018 and that this
document was included in that production.

*York*, No. 15-CV-5174, 2017 WL 5176409, at *8 (E.D.N.Y. Nov. 8, 2017), *reconsideration denied sub nom. DaCosta v. Tranchina*, 285 F. Supp. 3d 566 (E.D.N.Y. 2018). Leave to amend is within the court's discretion. *Krupski v. Costa Crociere S. p. A.*, 130 S.Ct. 2485, 2489 (2010) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (Rule 15(a) "gives a district court discretion to decide whether to grant a motion to amend a pleading before trial."). A court "should freely give leave when justice so requires." FED. R. CIV. P. 15(a); *Iqbal v. Ashcroft*, 574 F.3d 820, 822 (2d Cir. 2009) (quoting FED. R. CIV. P. 15(a)). "Amendments are generally favored because they tend to facilitate a proper decision on the merits." *Johnson v. Landmark Hosp. LLC*, No. 14-CV-6839, 2016 WL 843286, at *2 (E.D.N.Y. Mar. 1, 2016) (citing *Blaskiewicz v. Cty. of Suffolk*, 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998).

"Nonetheless, the Court may deny leave if the amendment (1) has been delayed unduly, (2) is sought for dilatory purposes or is made in bad faith, (3) [would prejudice the opposing party], or (4) would be futile." *Lee v. Regal Cruises, Ltd.,* 916 F. Supp. 300, 303 (S.D.N.Y. 1996) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.,* 310 F.3d 243, 258 (2d Cir. 2002) (citing *Dougherty v. North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)). "Thus, the standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss." *IBEW Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015). Further, with respect to the Rule 15(a) factors, "[t]he party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial or futile." *See Cummings-Fowler v. Suffolk Cmty. Coll.*, 282 F.R.D. 292, 296 (E.D.N.Y. 2012) (citing *Blaskiewicz*, 29 F. Supp. 2d at 137-38).

By comparison, Rule 16(b) provides that where, as here, a court has adopted a discovery scheduling order, that order may only "be modified for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The purpose of Rule 16(b) is "to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339–40 (2d Cir. 2000) (internal citations and quotation marks omitted) (citing Fed. R. Civ. P. 16 advisory committee's note (1983 amendment, discussion of subsection (b)). Thus, "[w]here a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (quoting Fed. R. Civ. P. 15 and 16)); *see Parker*, 204 F.3d at 340; *Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012). The balancing act between Rules 15(a) and 16(b) is necessary to prevent a scheduling order from being rendered meaningless and undermine a court's ability to manage its docket. *Eberle v. Town of Southampton,* No. 12-CV-4472, 2013 WL 6198298, at *2 (E.D.N.Y. Nov. 27, 2013).

Whether good cause exists under Rule 16(b) turns on the "diligence of the moving party." *Parker*, 204 F.3d at 340. To show good cause, "the movant must demonstrate that it is has been diligent in its effort to meet the Court's deadlines." *Chrebet v. Cnty. of Nassau*, No. 09-CV-4249, 2014 WL 1836835, at *11 (E.D.N.Y. May 8, 2014) (quoting *Sokol Holdings, Inc. v. BMD Munai, Inc.*, No. 05-CV-3749, 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14, 2009), *aff'd sub nom. Sokol Holdings, Inc. v. BMB Munai, Inc.*, No. 05-CV-3749, 2009 WL 3467756 (S.D.N.Y.). "In other words, the party must show that, despite its having exercised diligence, the applicable

9

deadline could not have been reasonably met."  *Sokol*, 2009 WL 2524611, at *8 (citing *Parker*,

204 F. 3d at 340; *Rent–A–Center Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104

(S.D.N.Y. 2003)).  "A party fails to show good cause when the proposed amendment rests on

information 'that the party knew, or should have known, in advance of the deadline.'"  *Perfect

Pearl v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) (quoting *Sokol*,

2009 WL 2524611, at *8); *see Lamothe v. Town of Oyster Bay*, No. 08–cv–2078, 2011 WL

4974804, at *5–6, (E.D.N.Y. Oct. 19, 2011).

 While diligence is the "primary consideration" in the good cause analysis, it is not the

only consideration.  *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007)

(addressing application of Rule 16(b) to situation where Rule 15(a) would otherwise permit

amendment as of right).  "The district court, in the exercise of its discretion under Rule 16(b),

also may consider other relevant factors including, in particular, whether allowing the

amendment of the pleading at this stage of the litigation will prejudice defendants."  *Id.*; *see also

Hernandez v. Immortal Rise, Inc.*, No. 11-CV-4360, 2013 WL 1703529, at *1 (E.D.N.Y.

Apr. 19, 2013) *adopted in part by* 2014 WL 991715 (E.D.N.Y. Mar. 13, 2014).

**IV.** **DISCUSSION**

 **A.** **Rule 16(b)**

 "The standards of Rule 16(b) must be met first and cannot be short-circuited by an appeal

to those of Rule 15."  *Sokol Holdings, Inc. v. BMB Munai, Inc.,* No. 05-CV-3749, 2009 WL

3467756, at *5 (S.D.N.Y. Oct. 28, 2009) (internal citations and quotations omitted) (emphasis

added).  Under Rule 16(b), the threshold inquiry is whether Plaintiff has demonstrated "good

cause" warranting the filing of an amended pleading.  *See Kassner,* 496 F.3d at 243–44.  Plaintiff

contends that "good cause" exists because she only discovered the facts necessary to support her

10

retaliation claim based on the counseling letter during the depositions conducted after the deadline to amend expired.  Pl.'s Mem. at 9-10.  Plaintiff specifically relies on the testimonial evidence which, according to Plaintiff, revealed for the first time an accurate timeline of the District's issuance of the counseling letter and their underlying motivations for doing so.  *Id.* at 10.

In opposition, the District argues that Plaintiff knew of the pertinent facts forming the basis of her amended claim prior to the deadline to amend by way of discovery exchanged in Plaintiff's state court defamation action against the Individual Teachers.  Def.'s Opp'n at 7-8. Specifically, the District maintains that on January 25, 2018, in response to a subpoena served in the defamation action, a copy of Plaintiff's EEOC charge which was stamped "RECEIVED May 13, 2016 VSCHSD PERSONNEL" was produced to the Plaintiff.  *Id*. at 7-8, 12-13.  Based on this document, the District argues that the Plaintiff knew when the District became aware of the EEOC charge, and therefore was fully aware of the timeline surrounding the counseling letter prior to the deadline to amend.  *Id*. at 16-18.

In reply, Plaintiff acknowledges that while she "may have had access to the documentary evidence" when the deadline to amend expired, she was unaware of the District's "policy requiring the issuance of a counseling letter at the conclusion of the investigation into the complaints lodged against the Plaintiff," which was only revealed after the deadline.  Pl's. Reply at 12.  Plaintiff claims that this testimony "casts serious doubt" that the decision to issue the counseling letter was made prior to the EEOC charge because had that been the case, the District's policies would have required that the counseling letter be issued in January 2016, at the conclusion of the investigation, as opposed to months later, after Plaintiff filed her EEOC charge. *Id.*  Plaintiff's submissions and the PAC further place considerable emphasis on the fact that the

counseling letter was presented immediately after the District found out that the EEOC issued Plaintiff a Right-to-Sue Letter.  *See generally* Pl.'s Mem.; PAC ¶¶ 53-59.  According to Plaintiff, these facts taken together demonstrate that it was the solely the EEOC charge that precipitated the issuance of the counseling letter, evidencing the District's retaliatory motives.  *Id*. at 4-6, 11, 14-16.  Since the Court previously found, in dismissing Plaintiff's retaliation claim, that "it is plausible that Plaintiff would have been issued the letter even if she had not filed the EEOC charge," Plaintiff contends that it was critical to obtain the foregoing evidence to establish the District's retaliatory motives behind presenting the counseling letter before she could move to amend her Complaint.  *Id.*

Plaintiff's argument, however, misinterprets the Court's holding in the R&R and the legal authority relied upon in making that determination.  "[F]or a retaliation claim to survive a motion for judgment on the pleadings or a motion to dismiss, the plaintiff must plausibly allege that: (1) defendants discriminated — or took an adverse employment action — against him, (2) because he has opposed any unlawful employment practice."  *Vega*, 80 F.3d at 90.  There was, and still is, no dispute that Plaintiff adequately pleaded the first prong.  However, the Court previously found that Plaintiff did not adequately plead the causation prong for her retaliation claim based on the counseling letter.  R&R at 29-30.

To adequately plead the second prong "which goes to causation ... the plaintiff must plausibly allege that the retaliation was a 'but-for' cause of the employer's adverse action."  *Duplan v. City of New York*, 888 F.3d 612, 625 (2d Cir. 2018) (quoting *Vega*, 801 F.3d at 90-91).  "'But-for' causation does not, however, require proof that retaliation was the only cause of the employer's action, but only that the adverse action would not have occurred in the absence of the retaliatory motive."  *Id*. (quoting *Vega*, 801 F.3d at 90–91).  "Causation may be shown by direct

evidence of retaliatory animus **or** inferred through temporal proximity to the protected activity." *Id.* (emphasis added); *see also Littlejohn v. City of New York*, 795 F.3d 297, 319 (2d Cir. 2015) ("A causal connection in retaliation claims can be shown either (1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant.") (internal quotations and citations omitted).

In the R&R, the Court analyzed whether the facts pled in Plaintiff's Complaint sufficiently alleged causation either indirectly through temporal proximity of the protected activity and retaliatory conduct or directly based on evidence that the adverse action would not have occurred in the absence of the retaliatory motive. *See* R&R at 39. The Court first concluded that Plaintiff did not sufficiently plead causation indirectly through temporal proximity because the retaliatory conduct (*i.e.,* the issuance of the counseling letter on June 7, 2019) occurred three and a half months after the protected activity (*i.e.*, the filing of the EEOC charge on February 23, 2016). *Id* at 40. However, since that is only one of two ways to sufficiently plead causation, the Court's inquiry did not end there. The Court further evaluated the Complaint for direct evidence of retaliatory motive and concluded that, between the ongoing interpersonal disputes involving Plaintiff and other multiple purported reasons listed in the counseling letter, Plaintiff may have been issued the counseling letter had she not filed the EEOC charge. *Id*.

Therefore, it was not necessary, as Plaintiff argues, to have obtained evidence directly suggesting the District's retaliatory motive before moving to amend her Complaint, if she was aware of all the pertinent facts regarding the timeline surrounding the counseling letter. The

former would conceivably establish causation "directly" while the latter would establish it "indirectly" through temporal proximity.  Accordingly, if Plaintiff could have supported her retaliation claim based on the counseling letter, either indirectly or directly, based on information she "knew, or should have known, in advance of the [Court's] deadline," then Plaintiff did not "act with sufficient diligence," to satisfy Rule 16(b)'s good cause standard.  *See Sokol Holdings, Inc. v. BMD Munai, Inc.*, No. 05-CV-3749, 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14, 2009).

Here, the District contends that Plaintiff possessed all the information needed to sufficiently plead causation indirectly through temporal proximity prior to the deadline to amend, based on the produced copy of Plaintiff's EEOC charge stamped "RECEIVED May 13, 2016 VSCHSD PERSONNEL."  Def.'s Opp'n at 7-8, 12-13.  According to the District, this document was produced to Plaintiff on January 28, 2015 and informed her that the District learned of the EEOC charge on May 13, 2016, not on February 23, 2016 as the Plaintiff previously pleaded.  *Id.* Although Plaintiff does not dispute that she received this document in connection with her defamation action sometime in 2015, the Court does not find that this document, by itself, would have necessarily apprised Plaintiff of the information necessary to plead causation indirectly through temporal proximity.  Who made the decision, on behalf of the District, to take adverse action against Plaintiff (*i.e.,* issue the counseling letter) and when that adverse action was taken in relation to the time Defendant learned about the protected activity (*i.e.,* filing of EEOC charge) constitutes the information Plaintiff needed to plead causation indirectly under these circumstances.[4]  However, the copy of Plaintiff's EEOC charge stamped received by the District,

---

[4]     Although Plaintiff spent a considerable portion of her moving papers and the PAC highlighting the District's issuance of the counseling letter a day or two after learning that the EEOC issued Plaintiff a Right-to-Sue letter, these facts are not relevant to pleading causation through temporal proximity.  The EEOC charge is the protected activity for which the adverse action was allegedly taken -- not Plaintiff's receipt of a Right-to-Sue Letter.  Accordingly, as it

does not, by itself, reveal this information.  That document contains, what appears to be, a generic administrative stamp indicating that District "personnel" received the document, but it does not indicate which personnel received it or whether the personnel who received it were/was involved in the decision to issue to the counseling letter.

Based on the record before the Court, it was not until September 7, 2018 that Plaintiff discovered when Superintendent Heidenreich and Assistant Superintendent Odell became aware of the EEOC charge.  On September 7, 2018, the District produced internal correspondence dated July 5, 2016 which revealed that Superintendent Heidenreich and Assistant Superintendent Odell first became aware of the EEOC charge on May 13, 2016.  Further, it was not until the depositions were conducted in November 2018 that Plaintiff discovered Superintendent Heidenreich was responsible for making the decision to issue Plaintiff the counseling letter. Consequently, Plaintiff incrementally discovered who made the decision to issue the counseling letter and when that individual learned about the EEOC charge in relation to issuing the counseling letter from the September 7, 2018 document production and November 21, 2018 deposition of Superintendent Heidenreich.  Therefore, the Court finds that Plaintiff did not know, or should have known, of the pertinent facts now relied upon to plead causation through temporal proximity prior to the deadline to amend.

Having cumulatively discovered the information forming the basis of her PAC in November 2018 -- two months after the deadline to amend -- Plaintiff advised the Court and Defendant of her intention to amend the Complaint less than a month later at the December 11, 2018 discovery status conference.  Accordingly, the Court finds that Plaintiff acted with

---

relates to the timeline surrounding the issuance of the counseling letter, when the District learned that the EEOC issued Plaintiff a Right-to-Sue letter without an investigation is irrelevant.

diligence in moving to amend her Complaint and has therefore has satisfied the "good cause" standard under Rule 16(b).

###    B.    Rule 15(a)

Although a court "should freely give leave when justice so requires," *see* FED. R. CIV. P. 15(a), leave to amend may be denied where there is "undue delay, bad faith, futility of amendment, and perhaps most important, the resulting prejudice to the opposing party," *see AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) (citation omitted).  The District does not contend that an amendment of the Complaint at this juncture would be prejudicial.  Rather, it contends that permitting the amendment would be futile because the PAC fails to adequately establish a "but-for" casual connection between the protected activity and adverse action sufficient to sustain a retaliation claim based on the counseling letter. Def.'s Opp'n at 9-16.

As noted, the causal element of a retaliation claim requires a causal connection between the protected activity and the adverse employment action.  *See Porter v. MooreGroup Corp.,* No. 17-CV-7405, 2020 WL 32434, at *12 (E.D.N.Y. Jan. 2, 2020).  This "causal connection may be established either through (1) temporal proximity or (2) evidence of retaliatory animus." *Id.* (citation omitted).  As it relates to temporal proximity, the District does not appear to contend that the PAC fails to sufficiently plead that the protected activity was followed closely by an adverse action.  Instead, the District cites the deposition testimony of Superintendent Heidenreich and Assistant Superintendent Odell, along with an email exchange between the District's counsel and a New York State Department Human Rights ("NYSDHR") investigator dated February 19, 2016, to argue that the decision to issue the counseling letter was made prior to the EEOC charge.  Def.'s Opp'n at 10-12.  This argument, however, improperly directs the

16

Court to consider materials outside of the pleadings to make a factual determination as to when the District decided to issue Plaintiff the counseling letter. Such a determination would essentially constitute a ruling on the merits of Plaintiff's retaliation claim.

An amendment is futile if it cannot survive a Rule 12(b)(6) motion to dismiss. *Porter*, 2020 WL 32434, at *12 (citing *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)). The Court is "required to accept the material facts alleged in the amended complaint as true and draw reasonable inferences in the plaintiff's favor." *Id.* (citation omitted). Accordingly, the Court must determine the futility of the proposed amendment based on the allegations in the PAC instead of the evidence sought to be introduced in opposition to the amendment. Having reviewed the PAC, the Court finds that the PAC sufficiently pleads causation indirectly through temporal proximity. The PAC alleges that, although the EEOC charge was filed on February 23, 2016, the District did not become aware of the charge until May 13, 2016. *See* PAC ¶ 10. As such, the counseling letter was presented to Plaintiff less than one month after the District became aware of the protected activity. These allegations establish a sufficient temporal proximity between the protected activity and the adverse action at the pleading stage. *See Santi v. Hot in Here, Inc.*, No. 18-CV-03028, 2019 WL 290145 at *5 (S.D.N.Y. Jan. 22, 2019) (finding that the alleged adverse action taken one month after plaintiff engaged in the protected activity was temporally proximate).

Similarly relying on evidence outside the pleadings, the District also contends that the PAC's emphasis on the District's policy with respect to issuing counseling letters shortly after an investigation is concluded and the issuance of the counseling letter immediately after the District learned of the Right-to-Sue Letter to plead causation directly through retaliatory animus is futile. *Id*. Although the Court agrees that the PAC's emphasis on the issuance of the counseling letter

17

immediately after the District learned of the Right-to-Sue Letter is not material to the causal connection between the protected activity and adverse action, the remainder of the District's argument similarly seeks to have the Court consider material outside the pleadings to reject the facts pleaded in the PAC.  Nonetheless, because the PAC sufficiently pleads the causal element of Plaintiff's proposed retaliation claim through temporal proximity, the Court need not address the parties' remaining arguments on this issue.

Although not disputed by the District, the Court further concludes that allowing the proposed amendment would not prejudice the District.  "Factors relevant to a showing of prejudice include 'whether the assertion of new claims would:  (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.'"  *Zubulake v. UBS Warburg LLC*, 231 F.R.D. 159, 161 (S.D.N.Y. 2005) (citing *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)).  "A proposed amendment is especially prejudicial when discovery has been completed and a summary judgment motion has been filed."  *Id*. (citing *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985)).

Here, there is no evidence that allowing the Plaintiff to amend the Complaint would require the District to expend significant additional resources to conduct discovery or prepare for trial.  Initially, Plaintiff indicated that her counsel has proceeded with discovery in a manner which contemplated the instant amendment and would not require any additional discovery.  Pl.'s Mem. at 13.  However, Plaintiff recently advised in her opposition to the District's pre-motion conference request, that she does now intend to seek limited discovery in connection with any amended retaliation claim.  Based on the District's representation in its pre-motion

conference request that it is prepared to move for summary judgment on all remaining claims pleaded the Complaint, including any amended retaliation claim, the Court infers that the District would not require any additional discovery if the proposed amendment is allowed.  As such, any additional discovery which may arise from the amendment would be limited, would not require significant resources and would not cause any undue delay.  The Court further notes that no trial has been set in this action and the parties have yet to brief any summary judgment motions.  Accordingly, the Courts finds that the lack of prejudice to the District further supports granting Plaintiff leave to amend the Complaint.

For these reasons, the Court finds that Plaintiff's proposed amendment is neither futile nor would cause prejudice to the District, and therefore leave to amend under Rule 15(a) should be permitted.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend the Complaint is GRANTED. Plaintiff is directed to file an Amended Complaint within ten (10) days of entry of this Order. The Amended Complaint must accurately reflect the prior dispositive rulings in this action and omit causes of actions and parties that have since been dismissed.

Further, any party seeking to conduct additional discovery related to the amended retaliation claim is directed to file a letter with the Court within fourteen (14) days of this Order stating the specific discovery sought to be conducted.

**SO ORDERED.**

Dated: Central Islip, New York
          October 29, 2020

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge